IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., a Chinese Limited Corporation | ) ) ) Case: 24-cv-11218 |
| Plaintiff, | ) ) Judge: Jeremy C. Daniel |
| v. | ) ) Mag. Judge: M. David Weisman |
| The Partnerships And Unincorporated Associations Identified On Schedule "A" | ) ) ) ) ) |
| Defendants. | ) |

## ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE being before the Court on Plaintiff Baimei's Motion for Entry of a Preliminary Injunction [Doc. 25] against the defendants identified in the Schedule A [Doc. 4] to the Complaint and attached hereto (collectively, the "Defendants"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion in part.

This Court further finds that it has personal jurisdiction over the defendants since the defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by advertising, marketing, and displaying on Defendants' commercial, interactive internet stores in violation of Plaintiff's Copyright Registrations Nos. VA 2-270-357, VA 2-270-532, VA 2-270-548, VA 2-270-545, VA 2-270-544, VA 2-270-547, VA 2-270-546, VA 2-265-759 (hereinafter referred to collectively as "the Hollow Halloween Works"). [Declaration of Jun Wu at Doc. 7 at ¶¶ 3-6].

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") [Doc. 17] should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) the Hollow Halloween Works are registered with the United States Copyright Office; and (2) Defendants are not licensed or authorized to use the Hollow Halloween Works. Furthermore, Defendants' continued and unauthorized use of the Hollow Halloween Works irreparably harm Plaintiff through diminished goodwill, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1.  Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a.  using Plaintiff's Hollow Halloween Works, particularly in the marketing, advertising, offering for sale, or sale of any product not authorized by Plaintiff;

    b.  passing off, inducing, or enabling others to sell or market using Plaintiff's Hollow Halloween Works;

    c.    committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.    further infringing Plaintiff's Hollow Halloween Works and/or damaging Plaintiff's goodwill;

    e.    otherwise competing unfairly with Plaintiff in any manner.

2.    Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets <u>up to $10,000.00</u> until further ordered by this Court.

3.    Any Third Party Providers, including but not limited to Walmart, Payoneer, PayPal, Inc. ("PayPal"), LianLian Global, LL Pay U.S., LLC, and Lianlian Yintong Electronic Payment Co. Ltd. ("LianLian") Stripe, Pingpong, and its related companies and affiliates shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a.    locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any financial accounts connected to the information listed in the Schedule A of the Complaint hereto, the email addresses for Defendants provided for Defendants by third parties; and

    b.    restrain and enjoin any such accounts or funds from transferring or disposing of money or other of Defendants' assets until further ordered by this Court.

4.    Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by

electronically publishing a link to the Complaint, any Amended Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses for Defendants identified in the Schedule A [Doc. 4] and any email addresses provided for Defendants by third parties that include a link to said website.

5. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from any Third Party Providers, including Walmart, Payoneer, LianLian Global, LL Pay U.S., LLC, and Lianlian Yintong Electronic Payment Co. Ltd. ("LianLian"), Paypal, Stripe, and PingPong, and its related companies and affiliates shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6. Plaintiff may provide notice of these proceedings to third parties by delivery of this Order and other relevant documents to the following Online Marketplace platforms, Financial Institutions and/or Third Party Service Providers via email delivery.

7. The Schedule A [Doc. 4] and Exhibits One through Three to the Declaration of Jun Wu [Doc. 8, 12] and the sealed Temporary Restraining Order [Doc. 17] are ordered unsealed.

8. The Three Thousand Dollar ($3,000.00) bond posted by Plaintiff and shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

IT IS SO ORDERED.

Dated: January 23, 2025.

_____
Jeremy C. Daniel
United States District Judge

## SCHEDULE A

| No. | Platform | Store Name | Store URL |
|---|---|---|---|
| 1 | Walmart | ShenZhenShiDaRuiYuanShiPinYouXianGongSi | https://www.walmart.com/seller/101184590?itemId=1844136538&pageName=item |
| 2 | Walmart | shenzhenshidihongyigongyipinyouxiangongsi | https://www.walmart.com/seller/101191280?itemId=1854083449&pageName=item |
| 3 | Walmart | shenzhenshifengyoushengwukejiyouxiangongsi | https://www.walmart.com/seller/101187247?itemId=565100176&pageName=item |